

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 19, 1969

Hon. Burton G. Hackney                    Opinion No. M-512
Commissioner
State Department of Public Welfare        Re: Authority of the State
John H. Reagan Building                        Department of Public
Austin, Texas                                  Welfare to expend money
                                               to refurbish a building
                                               which is leased by the
                                               county on a long term
                                               lease basis and is fur-
                                               nished the Department
Dear Mr. Hackney:                              rent free.

          Your request for an opinion asks the following question:

          "May the Department expend funds for the
     purpose of refurbishing the interior of a
     building which is leased by a County on a
     long term lease basis and furnished to the
     Department rent free?"

          Subdivisions 5 and 7 of Section 4 of Article 695c,
Vernon's Civil Statutes, relating to the powers and duties of the
State Department of Public Welfare, provide in part as follows:

          "(5) Assist other departments, agencies and
     institutions of the local State and Federal
     Governments, when so requested and cooperate
     with such agencies when expedient, in perform-
     ing services in conformity with the purposes of
     this Act;

          "(7) Establish and provide such method of
     local administration as is deemed advisable, and
     provide such personnel as may be found necessary
     for carrying out in an economical way the adminis-
     tration of this Act; . . ."

          Section 39 of Article 695c, Vernon's Civil Statutes,
provides:

"Sec. 39.  No provision of this Act is intended to release the counties and municipalities in this State from the specific responsibility which is currently borne by those counties and municipalities in support of public welfare, child welfare, and relief services.  Such funds which may hereafter be appropriated by the counties and municipalities for those services may be administered through the county or district offices of the State Department, and if so administered, shall be devoted exclusively to the services in the county or municipality making such appropriation."

In construing the above quoted provisions it was held in Attorney General's Opinion WW-429 (1958):

"In view of the provisions of Article 695c, the State Department of Public Welfare is authorized to enter into agreements with municipalities and counties for the purposes of carrying out the Welfare Program.  It is, therefore, our opinion that the Department of Public Welfare is authorized to make necessary repairs or renovation to office space allocated to the Department by a municipality or county as outlined in the request, and to expend appropriated moneys for such purposes."

Therefore, the Department may expend funds for the purpose of refurbishing the interior of a building upon privately owned land which is leased by the county on a long term lease basis unless such expenditure constitutes a grant of public funds or credit within the meaning of Sections 50, 51 or 52 of Article III or Section 6 of Article XVI of the Constitution of Texas.

In Attorney General's Opinion C-511 (1965) it was held that the provisions of House Bill 43, Acts of the 59th Legislature, Regular Session, 1965, Chapter 196, were unconstitutional insofar as the act authorized the Texas Aeronautics Commission to expend funds for the purposes of improving airports on leased land.  It is stated in Attorney General's Opinion C-511 (1965):

"However, the above mentioned opinion and court decisions do not involve the question presented by your request; that is, the use of public funds for the improvement of privately owned land. It is clear that H.B. 43 quoted above contemplates the possible use of public funds to improve land belonging to individuals, associations or corporations other than municipal corporations. At the end of the twenty-year lease the improvements on the land will become the property of the owner of the fee. In our opinion, the term of the lease has nothing to do with the question of the authority of the State or municipality to use public funds to improve the land. The statutory provision now requiring a twenty-year lease may be amended at any time to require a one-year or a two-year lease. In any event, the question is the same."

It is our opinion that the expenditure of funds for the purpose of making necessary repairs and maintenance in order to make the building fit to be used by the Department does not constitute a grant of public money within the meaning of Sections 50, 51 or 52 of Article III or Section 6 of Article XVI of the Constitution of Texas, for the reason that such expenditure constitutes necessary expense involved in the occupancy of the building by the Department. You are therefore advised that the expenditure of funds for the purpose of refurbishing the building, allocated to the Department of Public Welfare by the county may be made.

### S U M M A R Y

The State Department of Public Welfare is authorized to expend funds for the purpose of refurbishing the interior of a building which is leased by the county on a long term lease basis and is furnished the Department rent free.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Jim Swearingen
Fielding Early
Z. T. Fortescue
Wardlow Lane

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant